Okay, I'd like the attorneys to step up to the podium. I want you to tell me your names, who you represent, and approximately how long your argument will take. Good morning, Counsel. Good morning, Your Honor. My name is Maria Harrigan and I represent Mr. Smith. I expect to take about 15 minutes for my argument and reserving some time for rebuttal as well. Okay, very good, Ms. Harrigan. Good morning, Counsel. Good morning, Your Honors. My name is Assistant State's Attorney Carlos Vera on behalf of the people. I intend to take approximately 15 minutes for my argument. Okay, very good. Ms. Harrigan, why don't you proceed with your argument. Your Honors, this morning I would like to focus my argument on the first issue raised in the brief, that the State failed to prove Mr. Smith guilty beyond a reasonable doubt of aggravated UUW because they did not establish that he was either not a resident or a social invitee with permission. At the property where he was arrested with a gun. Mr. Smith was convicted of two counts here. The State concedes that the first count falls under Aguilar but argues that the second count, his possession of a gun on this property that wasn't his without a FOIA card, should stand. What's your position on that issue? Why don't you address that issue? Because he cited some additional authority in support of his position. He cited People v. Henderson. Correct. Well, it is our contention that Your Honors don't have to reach this and you shouldn't because you should decide this case on a non-constitutional basis first and the State did not prove its case here. I want to understand your position on the FOIA card violation. Is your position that the FOIA card conviction is also dependent on a showing that Mr. Smith either did not live in the apartment or was not an invitee to the apartment? Yes, Your Honors. How does that work? Explain that. If you look at the statute, the first section and the second section of the statute, which is the basis of the entire statute, the wording of that is that the defendant cannot, if he is not on his own land or not a social invitee and possesses a gun. Those are the elements of the first part of the statute. The rest of the factors, there has to be another factor present and either it's uncased, unloaded, uncased, loaded and accessible is one factor and not having a FOIA card is another aggravating factor. Hypothetically, your position is that if someone is in their own home or an invitee in someone else's home, they can have as many weapons as they want and the fact that they don't have a FOIA card is not an independent violation. Not under this statute, the aggravated UUW statute. It's a violation under the regulatory statute of not having a FOIA card, which is a separate statute. It's a class A misdemeanor to possess a gun without a FOIA card. But under the elements of this statute, the state still has to establish all of the elements and they didn't do that here. The element of him not being a resident or not being a social invitee, possessing the gun and not having a FOIA card. They established that he didn't have a FOIA card, but they did not establish that he was not a resident or a social invitee. And you're saying those are conditions proceeding to proving he didn't have a FOIA card. Those are the conditions that they have to, those are the elements of the offense that they have to prove in addition to him not having a FOIA card. And that's because of the conjunctive use of the word and. You're not saying that it doesn't matter that he didn't have a FOIA card, you're just saying he was charged with the wrong thing. Correct. Or the state didn't, if they charged him, they didn't make their burden of proof on the first element, the first elements of this statute that he was charged under. He wasn't charged under the regulatory statute. And the evidence here actually shows that he was either a resident or a social invitee. He was sitting on a porch in the property with somebody holding a gun and the police were looking for the origin of reported gunfire in the neighborhood. And they saw Mr. Smith sitting on the porch, they saw a gun in his hand. When these two gentlemen saw the police, that's when they went in the house. Mr. Smith went up to the second floor apartment. He was admitted, he was holding a gun. The police officer followed him and saw him throw the gun out the window. The state tends to argue that those actions indicate that he was not a resident or a social invitee on this property. However, all this indicates is he didn't want the police to see him with a gun. He was admitted into the apartment, 15 to 20 people there, it was probably a New Year's Eve party. There was no indication that he broke into this apartment. All the evidence shows that he was either allowed there because he was a resident moving out, as he testified, or he was an invitee there. Even the officer, the state's eyewitness, said that she had seen him on the property before. Does the extent of the permission, is it the way you read the statute, that the defendant is an invitee or an invitee and with permission to possess a gun? There is no published decision that decides that question. It is our contention that either way, because he walked into the second floor apartment holding a gun, and he was sitting on the property with a gun, that he had permission to be there and the people knew he had a gun. So I think that question does not have to be decided because the evidence shows that the people in the apartment knew he had a gun. So he was there with permission. The state argues that he waived this issue because he didn't raise it at trial. However, this isn't an affirmative defense. Whether he's a resident or a social invitee, that's an element that the state has to prove. And the Illinois Supreme Court case, People v. Lobsher, which is the pre-amendment statute, holds the state to prove that the defendant wasn't a resident when that was the only element there. And then in August of 2009, six months before this offense, the statute was amended to include the social invitee element. So it should be read the same as the resident element under Lobsher, and the state didn't meet its burden here. So we request that this court reverse this conviction because the state didn't prove him guilty. If Your Honors have any other questions? Thank you, Counsel. Thank you. Mr. Vera, please proceed with your argument. Yes, Your Honor. Again, my name is Assistant State's Attorney Carlos Vera on behalf of the people of the state of Illinois. Your Honors, in response to the defendant's claim that people failed to prove the elements beyond a reasonable doubt, there are actually two claims, one that we failed to prove that he was a landowner at the time, and the second that we failed to prove that he was not an invitee with permission to be carrying a weapon at the time. In regards to the first argument, it's strictly a question of credibility and the trier-of-facts determinations as to whether or not the defendant was a landowner. And regarding that issue, essentially the officers testified that the defendant stated that his address, his living address at the time was 2735 South LeMoyne Avenue when he was arrested at 4019 West Van Buren. The judge specifically made a finding that the defendant was not credible in his testimony and the officers were. And as this court knows, under People v. Austin and Jackson v. Virginia, we must give great deference to the trial court on findings of credibility, and the trial court, as the trial court has the ability to observe the defendant's, the witness's mannerism and demeanor when testifying. So we would argue based on that, strictly for the credibility question as to whether or not the defendant was on his own land at the time, that is a question that the trial court left and we have to give deference to that. And we cannot, the defendant cannot establish beyond a reasonable doubt that any trier-of-facts could have not found him guilty of the essential elements of the crime. You said the defendant cannot establish. Is it his burden or the state's burden? On appeal, Your Honor, when an appellant challenges the sufficiency of the evidence, it is in fact the defendant's burden to establish that no trier-of-fact, no rational trier-of-fact could have found all the elements beyond a reasonable doubt. But he's questioning the evidence you presented at the trial court. Yes, Your Honor. So just go over it again for me. Tell me what evidence you presented to establish that that was not his place of abode. Your Honor, we presented the evidence of two of the arresting officers. The first officer who, both officers testified that they observed the defendant carrying a firearm while he was standing on the porch of his property. They came in a. . . The fact that he was carrying a firearm has nothing to do with whether or not that was his place of abode. Yes, Your Honor. And to that specific point, when the defendant was being processed, both officers testified that the defendant told, was asked where he resided and the defendant made an admission and the defendant told the officers that he resided at 2735 South Lemoyne, not 4019 South Van Buren. The defendant denied making that admission, so it really came down to conflicting testimony between the two officers and the defendant. And in order to resolve this conflict in the testimony, the court made a credibility determination and determined that the defendant was not credible. And what about evidence that he wasn't or was a business invitee? In response to that argument, Your Honors, we did file a motion to cite. . . Not a business invitee. Yes, Your Honor. We did file a motion to cite additional authority, and what we submit that this court must consider is Section 24-2 of the AUW statute, which specifically addresses that issue and states that the burden of proving the invitee exception is in fact the burden that the defendant has to prove as an affirmative defense. Your Honor, the best. . . of the statute given their plain and ordinary meaning. Section 24-2 plainly states that the burden of proving this exception rests on the people and that the. . . excuse me, that rests on the defendant and that the people bear no burden to even include this or to negate this charge in a charging instrument. Now, Your Honors, the language is contained in Section 1.6 as the defendant pointed out. And it was added to Section 1.6 by Public Act 76. . . excuse me, 96-742. But it's important to keep in mind that that same public act that added the invitee with permission exception to the Section 1.6 also added this language to Section 24-2, which states that the burden rests on the defendant. Under the doctrine of in pari materia, as this Court knows, when two statutes address the same subject matter, we must read them in a way that gives harmony to both of those statutes. And in order to do that, we have to essentially interpret 24-2 as meaning what it says it means. The only way that we would be disharmonious or cause any sort of inconsistency in the two statutes would be to interpret the statute the way the defendant argues it should be interpreted. We would essentially have to disregard Section 24-2 and act as though it does not exist, as though it's not in the statute. And, Your Honor. Let's assume we agree with you that, at least initially, the burden is on the defendant to establish a sufficient factual basis for this affirmative defense. Yes. He's on the porch with a gun. He goes up to the apartment door. He knocks. He's admitted. He has the gun in his hand. He runs through the apartment. There are other people in the apartment. Isn't that a prima facie case that he's an invitee to those premises? No, Your Honor. And in order to respond to this, I'd first like to address a question that you raised during the defendant's opening argument. You asked whether or not the invitee with permission exception must be read so that whether or not he's an invitee is sufficient or he has to be an invitee and with permission to carry a gun. And, Judge, although the defendant said that this has not been addressed in a published opinion, in fact, this Court in People v. Aguilar at the appellate level did address a specific point. And although Aguilar was reversed on separate issues, the issue concerning the invitee exception did not go to Supreme Court. So Aguilar's holding was that, in fact, the way the statute is written, the burden on the defendant is not just to prove that he was an invitee at the time, a social invitee, but also that he was a social invitee who had permission at the time to be on the property while carrying a firearm. Okay. So he knocks on the door. He's standing on the porch with the gun in his hand. The police see him with the gun in his hand. He goes up to the door. He knocks. He's got the gun in his hand. Isn't that enough to establish a prima facie affirmative defense? No, Your Honor, because for a few reasons. Tell me what in addition the State believes the defendant would have to prove, that he spoke to someone and said, do you mind if I have a gun while I'm in your apartment? Well, there would have to be some sort of permission. The fact that he was let in, I'd say, Your Honor, first of all, that's perhaps not the appropriate characterization of these facts, respectfully. The defendant was being chased by a police officer, pounded on the door, and the door opened, and he ran through this apartment. It's not clear whether or not the owner of this apartment saw that he had a gun or anyone really gave him permission. And, Your Honor, if it is the defendant's burden, then yes, the defendant would have to come with affirmative evidence that the defendant did have permission, that he was a social invitee, and that somebody did, in fact, give him permission to be on the property with a firearm. Well, just to understand what the State contends, a defendant would have to show that there would have to be affirmative evidence that there was some conversation or other interaction with the owner of the property where you could infer that the owner said, it's okay if you have a gun on my property. Yes, Your Honor. And concerning this exact point. Not only it's okay that you have a gun on my property, but it's okay that you be here. That you be on my property and that you have a gun on my property. And again, Judge, as this is a question of proof beyond a reasonable doubt, the sufficiency of the evidence, I remind this Court that we have to view the evidence in a light most favorable to a prosecution. And in this case, the inference can't be established. There is no prima facie case that the defendant did have permission to have the firearm when he essentially pounded on the door and ran through this building, and also at trial, in fact, denied even possessing a firearm at the time. There just isn't evidence that he was a social invitee at the property and that he had permission to have a firearm. It has not been established. With that, Your Honors, we maintain that the people did present sufficient evidence to prove all the elements of the offense beyond a reasonable doubt. And this Court should affirm the defendant's conviction for unlawful possession of a firearm for not possessing a Floyd. Thank you, Mr. Vera. Just a few points, Your Honors. As far as the fact that the amendment to the statute also put the same language in the exception, in order to read this harmoniously, if you look to the Illinois Supreme Court's case in Lobster, Illinois Supreme Court case Lobster, that says that the proof of him not being a resident is an element of the offense, this is listed right after that, as if it's another element of the offense. The fact that it's also been put in the exceptions allows the defendant to present evidence if he wants to that he's a social invitee, but it does not shift the burden. Any ambiguity in the statute has to be read in favor of the defendant. So tell me if the exception relied on is that the defendant was an invitee with permission to have a firearm, how the state would satisfy that burden? Of showing that he was not? That he was not. Of proving the negative. The same way they show when somebody says, in like a home invasion case, did you give this person permission to come in your house? There were 15, 20 people in that apartment. They could have called somebody and said, found who rented it. Did Mr. Smith have permission to be in your house with a gun? Simple question. Put a witness on the stand. It's pretty clear that the state was kind of unaware of the amendment because the indictment didn't charge the social invitee language at all. And there was no evidence presented by the state about this element. So I'm thinking that maybe perhaps it was an oversight by the prosecutor. Nevertheless, it was still their burden. As far as Henderson goes, your Honor's asked me about that earlier also, the case in Henderson. The social invitee argument was made in that case. It was actually not addressed at all by the appellate court. And that is actually pending on hearing right now, that the fact that the court ignored that argument completely. So that has yet to be decided in that case. The appellate decision in Aguilar, anything that that holding says about the social invitee exception is dicta. The statute that Aguilar was dealing with was the pre-amended statute. It didn't have the social invitee language in it. So they, odds and the sides said if it had the fact that the defendant said, I didn't have a gun, negated any kind of burden of proof for the social invitee. But that has no precedential value. And we have a different case here. We have evidence that the defendant walked into the building, went into the apartment when the door opened, was holding a gun, went into a bedroom that had boxes with clothing in it, which supported his testimony that he was in the process of moving out of that apartment. But didn't he take the position that I didn't have a gun? He did. But at trial, that's what he testified to. So how do you, you know, is it a fluid set of facts? The defendant during trial can say, I didn't have a gun. On appeal can say, well, yeah, I did, but I had permission. The element, the state still has to prove he had a gun. If we ignore the defense testimony completely, it's still the state's burden based on their evidence. He had a gun. That he had a gun, that he was not a resident, that he was not a social invitee. Those are all elements the state has to prove. They perhaps proved he had a gun. They perhaps proved he didn't have a FOIA card. They did not prove the other two elements, that he was not a resident or not a social invitee. And even if we believe it's the state's burden, but even if it is an affirmative defense, he made his case here. The evidence made his case. The state's evidence made his case. He was seen on the property before he had access to the building. He was allowed in with a gun. He was hanging out on the porch with somebody. He wasn't on public land. He was always on his property that he had access to. So if your honors have no further questions, we request that the conviction be reversed. Thank you. Thank you. Ms. Harrigan, Mr. Vera, I want to compliment the two of you on your arguments and on your briefs. This case will be taken under advisement.